# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE ATTORNEY GENERAL OF CALIFORNIA, et al.,<br><br>            Defendants. | Case No.  1:13-cv-01701-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)**<br><br>**(Doc. 1)**<br><br>**30 DAY DEADLINE** |

Plaintiff, Earl Simpson, is a civil detainee who is currently proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 23, 2013.  (Doc. 1.)  In the Complaint, under "Statement of Claim" Plaintiff alleges that he is being held hostage in a state institution and that he has not been released to the principal place of his business.  (*Id.*, at 3.)  Plaintiff also alleges that he "is transferring his principal [sic] place of business out of the state of california [sic] in which he as a person he [sic] would be considered the business." (*Id.*, at 6.)  Plaintiff claims that he is held "in unlawful custody" and seeks his release.  (*Id.*, at 7.)  Thus, it appears that Plaintiff may have intended to pursue habeas corpus relief, rather than an action under §1983.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874

(9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

The Complaint does not contain any allegations to show that Plaintiff's retention as a civil detainee has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.  It appears that Plaintiff's intent in filing this action is for habeas corpus relief rather than to pursue claims under § 1983.

Accordingly, it is HEREBY ORDERED that within **30 days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**The failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **February 7, 2014**              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE