# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE ATTORNEY GENERAL OF CALIFORNIA, et al.,<br><br>            Defendants. | 1:13-cv-01701-JLT (PC)<br><br>**ORDER DENYING RECONSIDERATION OF ORDER DISMISSING ACTION AS BARRED BY *HECK v. HUMPHRY*, 512 U.S. 477 (1994)**<br><br>**(Docs. 13)** |

Plaintiff, Earl Simpson, is a civil detainee who is currently proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 23, 2013. (Doc. 1.) This action was dismissed without prejudice on April 1, 2014 and judgment was entered that same date. (Docs. 11, 12.) Over five months later, on September 24, 2014, Plaintiff filed a document entitled "Petition for Writ of Mandamus and Prohibition and Requesting to Vacate and [sic] Order of a Judgment" which is presently before the Court and is construed as a motion for reconsideration. (Doc. 13.)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).

1

The moving party must demonstrate both injury and circumstances beyond his control. *Id*. (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law, and it may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009).

On February 7, 2014, an order issued giving Plaintiff 30 days to show cause ("OSC") why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The OSC, to which Plaintiff failed to respond, identified that, in the Complaint, under "Statement of Claim" Plaintiff alleges that he is being held hostage in a state institution and that he has not been released to the principal place of his business (*id*., at 3); that he "is transferring his principal [sic] place of business out of the state of california [sic] in which he as a person he [sic] would be considered the business"(id., at 6); and that he is held "in unlawful custody" and seeks his release (*id*., at 7).  As stated in the OSC, Plaintiff is barred from bringing an action based on these allegations under 28 U.S.C. § 1983 pursuant to *Heck v. Humphrey*.

Plaintiff has not shown that the Court erred in its application of the law to the facts. Plaintiff's simple disagreement with the Court's determination provides no basis for vacating the judgment entered in this case and dismissing the criminal case under which he was found guilty that Plaintiff seeks.

The Court carefully reviewed Plaintiff's amended complaint and detailed the reasons Plaintiff was barred from pursuing this action under *Heck v. Humphrey*.  Plaintiff's motion fails to set forth any grounds entitling him to reconsideration of the order dismissing this action.

///

Accordingly, Plaintiff's motion, filed September 24, 2014 (Doc. 13), is HEREBY ORDERED DENIED, with prejudice. No further motions for reconsideration will be considered and if one is filed, it will be summarily stricken from the record. At this juncture, further recourse lies with the appellate court.

IT IS SO ORDERED.

Dated:   **October 9, 2014**                              **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE