# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>            Plaintiff,<br><br>      v.<br><br>STATE ATTORNEY GENERAL OF CALIFORNIA, et al.,<br><br>            Defendants. | 1:13-cv-01701-JLT (PC)<br><br>**ORDER STRIKING DUPLICATE/REPEAT FILING**<br><br>**(Doc. 15)**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF A PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. §2254** |

Plaintiff, Earl Simpson, is a civil detainee who is currently proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 23, 2013.  (Doc. 1.)  This action was dismissed without prejudice on April 1, 2014 and judgment was entered that same date.  (Docs. 11, 12.)  Over five months later, on September 24, 2014, Plaintiff filed a document entitled "Petition for Writ of Mandamus and Prohibition and Requesting to Vacate and [sic] Order of a Judgment" which was construed as a motion for reconsideration and denied on October 10, 2015.  (Docs. 13, 14.)  Now, ten months after the Court denied reconsideration, again Plaintiff filed the document entitled "Petition for Writ of Mandamus and Prohibition and Requesting to Vacate and [sic] Order of a Judgment."  (Doc. 15.)  This is an exact duplicate of the document Plaintiff filed on September 24, 2014.  (*See* Docs. 13, 15.)

The law of the case doctrine allows a court to courteously and efficiently say "enough's

enough" when a litigant seeks repeated reconsideration of prior decisions. *Gonzales v. Arizona*, 624 F.3d 1162, 1185-87 (9th Cir. 2010) (citations and quotations omitted). The doctrine "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues" which "are paramount concerns to sound judicial administration, as [a] court cannot efficiently perform its duty to provide expeditious justice to all if a question once considered and decided by it were to be litigated anew in the same case upon any and every subsequent" request. *Id.*, (citations and internal quotation marks omitted).

Plaintiff is barred from pursuing his claims in this action by *Heck v. Humphrey*, 512 U.S. 477 (1994). The basis for this conclusion and resulting orders have been repeatedly addressed in this action (*see* Docs. 10, 11, 14) and the Court declines to expend any more of its limited resources on this issue. Accordingly, the Court **ORDERS**:

1. Plaintiff's "Petition for Writ of Mandamus and Prohibition and Requesting to Vacate and [sic] Order of a Judgment" filed August 20, 2015 (Doc. 15) be **STRICKEN** from the record since duplicative of his September 24, 2014 filing;
2. The Clerk's Office is to send Plaintiff a petition for writ of habeas corpus pursuant to 28 USC §2254; and
3. because this matter is closed and Plaintiff's issues have previously and repeatedly been addressed **NO FURTHER FILINGS WILL BE ACCEPTED IN THIS CASE ASIDE FROM THOSE FOR APPEAL PURPOSES.**

IT IS SO ORDERED.

Dated: **August 26, 2015**           /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE

2